UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YACUB AVICENNA McCLENDON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TIM VIRGA,<br><br>　　　　Respondent. | 1:12-cv-00927 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 13] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Tim Virga, as warden of California State Prison Sacramento is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, upon being convicted by a jury of second degree murder, assault with a semiautomatic weapon, and possession of a firearm by a convicted felon. (See LD No. 1.[1]) On March 3, 2008, Petitioner

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  was sentenced to an indeterminate state prison term of forty years to life in addition to a
2  determinate state prison term of twenty-nine years and eight months. (Id.)
3    On September 15, 2009, the California Court of Appeal, Fifth Appellate District, affirmed
4  the judgment. (LD No. 2.) Petitioner sought review before the California Supreme Court, which
5  was denied on December 2, 2009. (LD Nos. 3-4.)
6    Petitioner proceeded to file five petitions for post-conviction collateral review in the
7  California state courts. However, as two of the petitions were filed prior to the commencement
8  of the statute of limitations period, they cannot serve to statutorily toll the limitations period.
9    The remaining petitions were filed as follows:
10    1.   Madera County Superior Court
         Filed: April 26, 2010[2];
11       Denied: May 7, 2010;
12    2.   California Court of Appeal, Fifth Appellate District
         Filed: May 17, 2010[3];
13       Denied: July 1, 2010;
14    3.   California Supreme Court
         Filed: June 20, 2011[4];
15       Denied: November 30, 2011;
16  (LD Nos. 9-14.)
17    On June 5, 2012,[5] Petitioner filed the instant federal Petition for Writ of Habeas Corpus
18  in this Court. On October 19, 2012, Respondent filed a Motion to Dismiss the petition as being
19  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).  (Mot. to
20

---

21
22  [2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition
23  was filed on April 28, 2010, pursuant to the mailbox rule the Court considers the petition filed on April 26, 2010, the date Petitioner signed the petition.
24
    [3] Although the petition was filed on June 8, 2010, pursuant to the mailbox rule the Court considers the
25  petition filed on May 17, 2010, the date Petitioner signed the petition.
26  [4] Although the petition was filed on June 22, 2011, pursuant to the mailbox rule the Court considers the petition filed on June 20, 2011, the date Petitioner signed the petition.
27
    [5] While Petitioner's federal petition was filed on June 7, 2012, under the mailbox rule the Court will
28  consider the petition filed on June 5, 2012, the date Petitioner signed the petition.

Dismiss, ECF No. 13.) Petitioner filed an opposition to the motion on October 29, 2012, and Respondent filed a reply on December 6, 2012. (ECF Nos. 14, 19.)

## II.     DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on June 5, 2012, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on December 2, 2009. The state appeal process became final ninety days later, on March 2, 2010, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on March 3, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from March 3, 2010, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until June 5, 2012, over a year after the statute of limitations period expired.

Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C. Tolling of the Statute of Limitations Period During State Court Appeals

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner filed state habeas petitions beginning on April 26, 2010, in the Madera County Superior Court and on May 17, 2010, in the California Court of Appeal, Fifth Appellate District. As of April 26, 2010, 55 days of the limitations period had elapsed. Respondent does not challenge Petitioner's right to tolling during the pendency of the two petitions and the interval between the filing of the petitions. Accordingly, Petitioner is entitled to tolling from April 26, 2010, until the date the petition filed in the California Court of Appeal, Fifth Appellate District was denied on July 1, 2010. As 55 days of the limitations period had already elapsed, 310 remained as of July 1, 2010. Accordingly, the limitations period expired 310 days later on May 9, 2011.[6] Petitioner filed another state petition over a month later on June 20, 2011. However, as the petition was filed over a month after the statute of limitations period ended, it is untimely

---

[6] The time for filing expired on May 8, 2011, a Sunday. Accordingly, Petitioner was entitled to file on the next business day, May 9, 2011.

and has no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Moreover, as Petitioner waited nearly a year to file his next petition, and provides no reason for the delay, he is not entitled to interval tolling for the time between when the petitions were filed. Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011). The present petition was filed on June 5, 2012. As the petition was filed over a year after the limitation period expired, the petition remains untimely.

### D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner claims he is entitled to equitable tolling based on his placement in administrative segregation, prison lockdowns, and that the law library paging system is inadequate.

#### 1.   Placement in Administrative Segregation

Petitioner claims that he was unable to timely file his petition due to his transfer between prisons, placement in administrative segregation, and the resulting lack of access to his legal files. Here Petitioner asserts that he did not have access to his legal materials from June 18, 2010 until April, 2011. (Opp'n.) Petitioner has attached records indicating that he did transfer prisons on June 18, 2010, and that during inventory, he possessed 22 legal books and other legal paperwork. (Id., ex. A.) Petitioner also presents records reflecting that he was placed in segregated housing on March 22, 2011, and requested personal property on April 7, 2011. (Id.) The copy of the property request is not legible, and it cannot be discerned if Petitioner requested legal records.

Placement in administrative segregation is not extraordinary and does not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). However, the Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide

1  a basis for equitable tolling. Id. (a complete lack of access to a legal file may constitute an
2  extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004)
3  (equitable tolling may be allowed if counsel withheld transcripts during limitations period).

4        The fact that Petitioner transferred prisons and was placed in segregated custody are
5  not, standing alone, extraordinary incidences of prison life that would qualify for equitable
6  tolling. Ramirez, 571 F.3d at 998. Furthermore, to the extent Petitioner was not in possession
7  of portions of his legal file, he has not sufficiently plead why he was unable to prepare and file
8  a timely petition without the records in question. See Waldron-Ramsey v. Pacholke, 556 F.3d
9  1008, 1013 (9th Cir. 2009). ("[Petitioner] bears the burden of showing his own diligence and
10 that the hardship caused by lack of access to his materials was an extraordinary circumstance
11 that caused him to file his petition almost a year late.") Petitioner has not met the burden of
12 showing that the records in question were necessary to filing his petition, and moreover that
13 he was diligent in attempting to obtain the records and file the petition. Id. Petitioner filed his
14 petition nearly a year late, and while asserting that he lacked necessary legal files, does not
15 explain what the files were and how they were necessary for filing the petition. Id. (Explaining
16 petitioner could have taken steps, even without the necessary records, to file a basic form
17 habeas petition, and sought leave to amend once the records were available.) Petitioner also
18 asserts that the prison law library paging system made it more difficult to research his case.
19 Petitioner provides no evidentiary support to his assertion. The Court concludes that Petitioner
20 did not exercise due diligence and that his arguments regarding access to legal materials lack
21 merit. Therefore, equitable tolling is inappropriate.

22        **2.     Limited Access to Law Library**

23        Petitioner also claims that prison lockdowns from December 7, 2011 to April, 2012
24 interfered with his access to his legal property and the law library. Such circumstances are not
25 extraordinary and do not warrant equitable tolling. See United States v. Van Poyck, 980
26 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court
27 reporters and lockdowns at prison lasting several days and allegedly eliminating access to law
28

library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Moreover, the lockdown in question occurred well after the limitations period expired. His claim that the lockdown should equitably toll the limitations period is insufficient and does not justify equitable tolling.

## III.   CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely. Moreover, Petitioner is not entitled to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV.   RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any

party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 16, 2013      /s/ *Michael J. Seng*
                           UNITED STATES MAGISTRATE JUDGE