IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YACUB AVICENNA MCLENDON,**<br><br>Petitioner,<br><br>v.<br><br>**TIM VIRGA,**<br><br>Respondent. | 1:12-cv-00927 LJO MJS HC<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>**[Doc. 30]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on June 7, 2012. (Pet., ECF No. 1.) On June 26, 2013, this Court dismissed the petition as untimely. (ECF No. 24.) Petitioner appealed the decision, and on April 23, 2014, the Ninth Circuit Court of Appeals denied the request for a certificate of appealability. (ECF No. 29.)

On October 16, 2015, Petitioner filed a motion for injunctive relief requesting his release from custody. (ECF No. 30.)

Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a preliminary injunction or a temporary restraining order. The Court can issue a temporary

1

restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. Id.

To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987.)

The Court has already dismissed the petition as untimely, and the Ninth Circuit has not permitted review of it. Accordingly, Petitioner is not capable of showing that he will be successful on the merits of the petition. Petitioner has failed to meet his burden demonstrating entitlement to injunctive relief.

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for injunctive relief is DENIED. (Doc. 30.)

IT IS SO ORDERED.

Dated:  **March 24, 2016**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE